**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JOSHUA BAKER, Individually ) | |
| and on Behalf of All Others ) | |
| Similarly Situated ) | **Case No. _____** |
| ) | |
| PLAINTIFF ) | |
| ) | **JURY TRIAL DEMANDED** |
| vs. ) | |
| ) | |
| PJ OHIO, LLC, and SERAZEN, LLC ) | |
| ) | |
| DEFENDANTS ) | |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Joshua Baker ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for his Original Complaint—Collective Action Against PJ Ohio, LLC, and Serazen, LLC ("Defendants"), states and alleges as follows:

## I.    PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and Article II, Section 34a of the Ohio Constitution (the "Ohio Constitution"), and the Ohio Minimum Fair Wage Standards Act, R.C. § 4111, *et seq.* (the "OWA").

2.    Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendants' policy and practice of failing to pay

Plaintiff sufficient wages under the FLSA, the Ohio Constitution, and the OWA within the applicable statutory limitations period.

3.      Upon information and belief, within the three years prior to the filing of the Complaint, Defendants has willfully and intentionally committed violations of the FLSA, the Ohio Constitution, and the OWA as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Southern District of Ohio has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      This Complaint also alleges the Ohio Constitution and the OWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's Ohio Constitution and OWA claims pursuant to 28 U.S.C. § 1367(a).

6.      Defendants conduct business within the State of Ohio.

7.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because Defendants' principal place of business is within this District. Accordingly, Defendants "reside" in this District and the State of Ohio has personal jurisdiction over Defendants.

8.      A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiff within the Western Division of the Southern District of Ohio. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

**Plaintiff Joshua Baker**

9.     Plaintiff Joshua Baker is a citizen of the United States and resides in Darke County, Ohio. Further, at all times relevant hereto Plaintiff worked within the boundaries of the Southern District of Ohio.

10.     At all times relevant, Stephen Hatmaker was an "employee" of Defendants as defined in the FLSA and the OWA.

11.     Plaintiff attaches his Consent to Join this action pursuant to the FLSA and the OWA as **Exhibit 1** to this Complaint.

**Defendants**

12.     Defendants have jointly employed Plaintiff and similarly situated delivery drivers at all times relevant.

13.     Each of the Defendants had control over Plaintiff and similarly situated delivery drivers' working conditions.

14.     Defendants are part of a single integrated enterprise.

15.     At all relevant times, Defendants maintained control over labor relations at the Papa John's Pizza restaurants.

16.     Defendants have direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated delivery drivers.

**PJ Ohio, LLC**

17.     Defendant PJ Ohio, LLC is a foreign limited liability company, incorporated in Delaware, with its headquarters in California.

18.    PJ Ohio, LLC is headquartered at 20377 SW Acacia Street, 2nd Floor, Newport Beach, California 92660.

19.    PJ Ohio, LLC is the corporate entity that appears on the paystubs Plaintiff received for work he completed for Defendants.

20.    PJ Ohio, LLC is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA and OWA.

21.    Upon information and belief, PJ Ohio, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages and reimbursement of automobile expenses.

22.    PJ Ohio, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

23.    PJ Ohio, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

**Serazen, LLC**

24.    Serazen, LLC is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA and the OWA.

25.    Upon information and belief, Serazen, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages and reimbursement of automobile expenses.

26.     Serazen, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

27.     Serazen, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

28.     Serazen, LLC's gross revenue exceeds $500,000 per year.

29.     Defendants' registered agent for service of process is Registered Agent Solutions, Inc., at 4568 Mayfield Road, Suite 204, Cleveland, Ohio 44121.

## IV.     FACTUAL ALLEGATIONS

30.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

31.     Defendants own and operate Papa John's franchises in Ohio.

32.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

33.     During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles, fuel and goods or materials typically used in the fast-food industry.

34.     Defendants employed Plaintiff as an hourly-paid Delivery Driver from approximately January of 2023 until January of 2024.

5

35.     Defendants also employed other hourly-paid Delivery Drivers within the three years preceding the filing of this lawsuit.

36.     At all relevant times herein, Defendants directly hired Plaintiff and other Delivery Drivers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

37.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, the Ohio Constitution, and the OWA.

38.     Defendants classified Plaintiff as nonexempt from the overtime provisions of the FLSA.

39.     Defendants also classified other Delivery Drivers as nonexempt from the overtime provisions of the FLSA.

40.     Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices and procedures to all Delivery Drivers at all of their locations, including policies, practices, and procedures relating to payment of minimum wages and reimbursement of automobile expenses.

41.     Defendants are an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the proposed collective.

42.     Plaintiff and the other Delivery Drivers at Defendants' restaurants work "dual jobs." Specifically, they deliver food to Defendants' customers and receive tips, and they also work inside the store completing nontipped duties.

6

43.     Defendants paid Plaintiff and other Delivery Drivers at or less than minimum wage per hour for hours worked outside of the restaurant making deliveries. In other words, Defendants take advantage of the "tip credit" provision of the FLSA pursuant to 29 U.S.C. § 203(m) while Plaintiff and other Delivery Drivers are out making deliveries.

44.     Plaintiff and other Delivery Drivers would "clock out" from working inside the store and "clock in" as making deliveries when leaving the restaurant to make deliveries, thereby changing their hourly pay rate.

45.     Defendants require Delivery Drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendants' pizza and other food items.

46.     Defendants require Delivery Drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing, cell phone costs, and other equipment necessary for Delivery Drivers to complete their job duties.

47.     Pursuant to such requirements, Plaintiff and other Delivery Drivers purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, paid for automobile financing, and incurred cell phone and data charges all for the primary benefit of Defendants.

48.     Defendants do not track Plaintiff's or other Delivery Drivers' actual expenses nor do Defendants keep records of all of those expenses.

49.     Defendants do not reimburse Plaintiff and other Delivery Drivers for their actual expenses.

50.     Defendants do not reimburse Plaintiff and other Delivery Drivers at the IRS standard business mileage rate.

51.    Defendants do not reimburse Plaintiff and other Delivery Drivers at a reasonable approximation of Delivery Drivers' expenses.

52.    Defendants reimburse Plaintiff and other Delivery Drivers at or around $0.40 per mile for miles driven to a customer location and does not reimburse Plaintiff and other Delivery Drivers in any amount when returning to the store.

53.    According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods has been as follows:

        2023:  65.5 cents/mile
        2024:  67 cents/mile

54.    As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated Delivery Drivers, they were deprived of minimum wages guaranteed to them by the FLSA, the Ohio Constitution, and the OWA.

55.    At all relevant times, Defendants has applied the same pay policies, practices, and procedures to all Delivery Drivers at their stores.

56.    All of Defendants' Delivery Drivers were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid less than the applicable minimum wage rate before deducting unreimbursed vehicle costs.

57.    Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of Delivery Drivers' automobile expenses throughout the recovery period, causing systematic violations of the minimum wage laws.

58. Because Defendants paid Plaintiff and other Delivery Drivers a gross hourly wage at or around the applicable minimum wage, and because Plaintiff and other Delivery Drivers incurred unreimbursed automobile expenses and other job expenses, the Delivery Drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

59. In 2023, for example, Defendants under-reimbursed Plaintiff and other Delivery Drivers at a rate of $0.255 per mile (IRS standard rate of $0.655 minus the actual reimbursement of $0.40).

60. Thus, in 2023, if Plaintiff completed four (4) deliveries per hour and if each delivery was 10 miles roundtrip, Plaintiff would have consistently "kicked back" to Defendants approximately $10.20 per hour ($0.255 per mile x 4 deliveries per hour x 10 miles per delivery).

61. Plaintiff drove sufficient miles per hour that the amount he "kicked back" to Defendants caused his constructive hourly rate to fall below the statutory minimum wage.

62. Defendants knew or should have known that they was not paying Plaintiff and other Delivery Drivers sufficient minimum wages.

63. Defendants have willfully failed to pay minimum wages to Plaintiff and similarly situated Delivery Drivers.

## V. REPRESENTATIVE ACTION ALLEGATIONS

64. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

65. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendants as similarly situated employees at any time within the

applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.      Minimum wages for all hours worked;

    B.      Liquidated damages; and

    C.      Attorney's fees and costs.

66.     Plaintiff proposes the following collective under the FLSA:

**All Delivery Drivers employed by Defendants in the last three years
("FLSA Collective Members").**

67.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

68.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

69.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.      They were classified by Defendants as nonexempt from the minimum wage and overtime requirements of the FLSA;

    B.      They had substantially similar job duties and requirements;

    C.      They were required by Defendants to incur expenses to maintain vehicles for delivery of Defendants' products;

    D.      They were subject to Defendants' common policy of not reimbursing Delivery Drivers for automobile expenses related to making deliveries for Defendants' restaurants; and

10

E.     They did not receive a lawful minimum wage.

70.     Plaintiff's claims are essentially the same as those of the putative collective.

71.     Defendants' unlawful conduct is pursuant to a corporate policy or practice.

72.     Plaintiff is unable to state the exact number of potential members of the FLSA collective but believes that the collective exceeds one hundred (100) persons.

73.     Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

74.     The names, addresses and cell phone numbers of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, email, and first class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.     OHIO COLLECTIVE ACTION ALLEGATIONS

75.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

76.     Plaintiff, individually and on behalf of all others similarly situated in the State of Ohio, brings this Ohio collective action for all available relief under the Ohio Constitution and the OWA on behalf of all persons who were, are or will be employed by Defendants as similarly situated employees at any time within the previous three (3) years, who are entitled to payment of the Ohio minimum wage in the year(s) that they worked, who are entitled to payment of the following types of damages:

A.     Minimum wages for all hours worked;

B.     Liquidated damages; and

C.    Attorney's fees and costs.

77. Plaintiff proposes the following class under the FLSA:

**All Delivery Drivers employed by Defendants in Ohio in the last three years ("Ohio Collective Members").**

78.    In conformity with the requirements of R.C. § 4111.14(K), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

79.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

80.    The proposed Ohio Collective Members are similarly situated in that they share these traits:

A.    They were classified by Defendants as nonexempt from the minimum wage and overtime requirements of the FLSA;

B.    They had substantially similar job duties and requirements;

C.    They were required by Defendants to incur expenses to maintain vehicles for delivery of Defendants' products;

D.    They were subject to Defendants' common policy of not reimbursing Delivery Drivers for automobile expenses related to making deliveries for Defendants' stores; and

E.    They did not receive the Ohio minimum wage in the year(s) they worked.

71.    Plaintiff's claims are essentially the same as those of the putative collective.

72.    Defendants' unlawful conduct is pursuant to a corporate policy or practice.

73.     Plaintiff is unable to state the exact number of the class but believes that the Ohio Collective Class exceeds one hundred (100) persons.

74.     Defendants can readily identify the Ohio Collective Members, who are a certain portion of the current and former employees of Defendants.

75.     The names, addresses and cell phone numbers of the Ohio Collective Members are available from Defendants, and a Court-approved Notice should be provided to the Ohio Collective Members via text message, email, and first-class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's Ohio Constitution and Ohio minimum wage claims.

## VII.     FIRST CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

81.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

82.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

83.     At all relevant times, Defendants was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

84.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

85.     The 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) hours each week and to pay 1.5x regular wages for all hours worked over forty (40) hours each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

86.     During the period relevant to this lawsuit, Defendants classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

87.     Defendants failed to pay Plaintiff a lawful minimum wage for all hours worked.

88.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

89.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VIII.   SECOND CAUSE OF ACTION
**(Ohio Minimum Wage Collective Action)**

90.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

91.     Article II, Section 34a of the Ohio Constitution, requires that every employer shall pay each of the employer's employees at a wage rate of not less than the wage rate specified in Section 34a.

92.     In 2023, the Ohio minimum wage for nonexempt employees was $10.10 per hour.

93.     In 2024, the Ohio minimum wage for nonexempt employees is $10.45 per hour.

94.     At all times relevant to this Complaint, the Plaintiff and the Ohio Collective Members were not exempt from the minimum wage provisions of the Ohio Constitution or the OWA.

95.     During the period relevant to this lawsuit, Defendants were and are Ohio employers subject to the Ohio Constitution and OWA.

96.     Despite the entitlement of Plaintiff and the Ohio Collective Members to Ohio minimum wages under the Ohio Constitution and the OWA, Defendants failed to pay Plaintiff and the Ohio Collective Members lawful minimum wages for the year(s) they worked.

97.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

98.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the Ohio Collective Members for back wages, liquidated damages and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Joshua Baker, individually and on behalf of all others similarly situated, respectfully prays that Defendants be summoned to appear and to answer herein and for declaratory relief and damages as follows:

1.     Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

2.     A declaratory judgment that Defendants' practices alleged herein violate the FLSA, Article II, Section 34a of the Ohio Constitution, and the OWA and their attendant regulations;

3.     Certification of a collective under R.C. § 4111.14(K) of all individuals similarly situated, as further defined in any motion for the same;

4.     Judgment for damages owed to Plaintiff and others similarly situated under the FLSA, the Ohio Constitution, and OWA and their attendant regulations;

5.     Judgment for liquidated damages owed to Plaintiff and others similarly situated pursuant to the FLSA and its related regulations;

15

6.      For a reasonable attorneys' fee, costs, and pre-judgment interest; and

7.      Such other and further relief as this Court may deem just and proper.

## X.  <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

DATED: January 2, 2025.           Respectfully submitted,

*/s/ Alyson S. Beridon*
Alyson S. Beridon (OH 87496)
**HERZFELD, SUETHOLZ, GASTEL,
LENISKI AND WALL PLLC**
600 Vine Street, Suite 2720
Cincinnati, Ohio 45202
Telephone: (513) 381-2224
Facsimile: (615) 994-8625
alyson@hsglawgroup.com
*DESIGNATED AS TRIAL COUNSEL*

Matthew R. McCarley\*
Texas Bar No. 24087532
**FORESTER HAYNIE PLLC**
11300 North Central Expressway, Ste 550
Dallas, Texas 75243
(214) 210-2100 phone
(214) 346-5909 fax
mccarley@foresterhaynie.com

*\*Pro Hac Vice Admission Pending*

***ATTORNEYS FOR PLAINTIFF***