UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOSHUA BAKER, *et al.*,

      Plaintiffs,

vs.

PJ OHIO, LLC, *et al.*,

      Defendants.

Case No. 3:25-cv-3

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) HOLDING IN ABEYANCE DEFENDANTS' MOTION TO STAY THE PROCEEDINGS AND COMPEL ARBITRATION (Doc. No. 20); (2) REFERRING THE CASE TO THE MAGISTRATE JUDGE FOR LIMITED DISCOVERY; (3) SETTING A SUMMARY TRIAL FOR MAY 14, 2026; AND (4) SETTING A DISCOVERY DEADLINE OF APRIL 14, 2026**

---

This case is before the Court upon a motion by Defendants PJ Ohio, LLC; Serazen, LLC; PJ Las Vegas, LLC; PJ North Carolina, LLC; Doug Pak; and Darcie Mangus to stay the proceedings and compel arbitration. Doc. No. 20. Plaintiffs Joshua Baker and Tristan Berghoff-Wagner have responded in opposition. Doc. No. 22. Defendants have replied. Doc. No. 26. Additionally, the Court granted Plaintiff's motion for leave to file a sur-reply (Doc. No. 33), which Plaintiffs then filed (Doc. No. 34).

Defendants present electronic records indicating Plaintiffs signed the arbitration agreements at issue. Doc. No. 20-2 at PageID 139; Doc. No. 20-3 at PageID 143. However, Plaintiffs present affidavits denying that they signed those agreements. Doc. No. 22-1 at PageID 162; Doc. No. 22-2 at PageID 165. This creates a genuine dispute of fact in the instant case as to the arbitration agreements' formation—including whether Plaintiff "agreed to arbitrate at all." *Boykin v. v. Fam. Dollar Stores of Mich., LLC*, 3 F.4th 832, 843 (6th Cir. 2021) ("[T]he duty to

arbitrate arises only from the party's consent"); *see id*. at 841 ("Boykin has identified a genuine dispute of fact over whether the parties have formed a contract—a dispute that entitles him to targeted discovery and a trial on the question").  Because of this dispute, Plaintiffs are entitled to a limited hearing on the issue of the validity of the arbitration agreements.  *See id.* at 844 (holding that the district court erred in granting a motion to compel arbitration when the plaintiff had presented an affidavit unequivocally denying that he signed the arbitration agreement).

For the reasons set forth above, the Court **HOLDS IN ABEYANCE** Defendants' motion to stay and compel arbitration.  Doc. No. 20; *see Boykin* at 844 ("…the court should hold its motion in abeyance").  Additionally, pursuant to the Federal Arbitration Act (9 U.S.C. § 4), the Court **SCHEDULES** a summary trial limited to the question of formation of the arbitration agreements for 9:00 a.m. on May 14, 2026.  Before the summary trial, the parties are **REFERRED** to Magistrate Judge Peter B. Silvain, Jr. to oversee limited discovery that is narrowly tailored to the question of the arbitration agreements' validity.  All discovery on this limited issue shall be **COMPLETED** by April 14, 2026.

      **IT IS SO ORDERED.**

February 17, 2026                           s/*Michael J. Newman*
                                              Hon. Michael J. Newman
                                              United States District Judge